## STATE EX REL. FLOYD B. OLSON v. HOWARD A. GUILFORD AND OTHERS.[1]

December 20, 1929.

No. 27,380.

*Latimer & Latimer, Kirkland, Fleming, Green & Martin, Weymouth Kirkland, Louis G. Caldwell, Edward C. Caldwell, Howard Ellis* and *Charles F. Rathbun,* for appellant.

*Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for respondent.

[1]Reported in 228 N. W. 326.

Wilson, C. J.

Defendant J. M. Near appealed from an adverse judgment.

The action was to abate a nuisance, arising out of the operation of a newspaper business, as authorized by L. 1925, p. 358, c. 285. The cause has been here before, 174 Minn. 457, 219 N. W. 770, 58 A. L. R. 607. Presumably an evil, inimical to the public welfare, existed in this state which the legislature intended to remedy. No claim is advanced that the method and character of the operation of the newspaper in question was not a nuisance if the statute is constitutional. It was regularly and customarily devoted largely to malicious, scandalous and defamatory matter.

The claim is advanced that the statute is in contravention of art. 1, § 3, of our state constitution relating to the liberty of the press, and also that it violates the due process clause of both art. 1, § 7, of our state constitution and the fourteenth amendment to the constitution of the United States. In our opinion L. 1925, p. 358, c. 285, violates neither the state nor the federal constitution. The record presents the same questions, upon which we have already passed. Our former opinion will disclose other grounds urged by the appellant, and such grounds have been urged in this appeal although we do not discuss them in detail.

The argument is made that the judgment goes too far and literally prevents the defendants from publishing any kind of a newspaper and thereby deprives them of their means of livelihood and the legitimate use of their property. It is sufficient to say that the assignments of error do not go to the form of the judgment. The lower court has not been asked to modify the judgment. We see no reason however for defendants to construe the judgment as restraining them from operating a newspaper in harmony with the public welfare, to which all must yield. The case has now been tried. The allegations of the complaint have been found to be true. Though this is an equitable action defendants have in no way indicated any desire to conduct their business in the usual and legitimate manner.

42

Upon authority of State ex rel. Olson v. Guilford, 174 Minn. 457, 219 N. W. 770, 58 A. L. R. 607, wherein our views have been more fully expressed, the judgment herein is affirmed.

HILTON, J. took no part.